IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

|  |  |  |
|---|---|---|
| ANDREW NOSBISCH, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-01822-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF ALLEGHENY, | ) | |
| | ) | |
| Defendant, | | |

**MEMORANDUM OPINION**

On October 20, 2023, Plaintiff, Andrew Nosbisch, filed this lawsuit against Defendant, County of Allegheny. On August 27, 2024, Plaintiff filed a two-count Amended Complaint, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). (ECF No. 12). On December 17, 2024, Defendant filed a Partial Motion to Dismiss Plaintiff's PHRA claim and accompanying brief. (ECF Nos. 21 & 22). Plaintiff did not respond to Defendant's Motion. For the reasons below, Defendant's Partial Motion to Dismiss will be granted.

I. **Statement of Facts**

Throughout the COVID-19 pandemic, Allegheny County enacted policies and practices that were designed to halt the spread of COVID-19. These policies and practices were based on available data and public-health guidance at the time that they were enacted. (ECF No. 21-1). At first, Allegheny County implemented masking and social distancing practices. (*Id.*). On August 5, 2021, in addition to the masking and social distancing practices, Allegheny County announced

1

that all employees who did not have their COVID-19 vaccination were required to undergo weekly COVID-19 testing. (*Id.*) On September 29, 2021, Allegheny County announced that it was implementing a COVID-19 vaccine mandate ("vaccine mandate") for all County employees under the Executive branch. (*Id.*) The vaccine mandate stated that "all Allegheny County employees under the Executive branch must have received their second dose of a two-dose COVID-19 vaccine or a one-dose vaccine" on or before December 1, 2021. (*Id.*) The mandate allowed for exceptions as "required by law" and further stated that "employees who fail to submit proof of completed vaccination by December 1, 2021 (without an approved accommodation) will be subject to termination of employment. (*Id.*).

Plaintiff, Andrew Nosbisch, was employed by Allegheny County. (ECF No. 12, at ¶ 17). After Allegheny County announced its vaccination mandate, Plaintiff submitted a religious accommodation request to the mandate, indicating his objection to the vaccination mandate based upon his religious beliefs. (*Id.* ¶ 20). Plaintiff alleges that he informed Defendant that "he or she believes that their body is a holy temple of the Holy Spirit and that being vaccinated would entail going against their convictions and the commands of God." (*Id.*). Plaintiff further alleges that "based upon their Christian beliefs [Plaintiff] does not believe in abortion. All of the three available vaccines used fetal cells in the creation and/or testing and/or manufacturing which is against his or her religion." (*Id.*). Plaintiff's religious accommodation request was denied by Defendant, who claimed that such accommodation would impose an undue hardship upon Defendant. (*Id.* ¶ 27).

Plaintiff alleges that he participated in a Loudermill hearing related to his exemption requests. (*Id.* ¶ 21). Plaintiff further alleges that the Loundermill hearing was a "sham," and that Defendant did not properly engage in the interactive process. (*Id.*). Plaintiff alleges that he was

terminated on December 2, 2021, for failure to comply with the vaccination mandate. (*Id.* ¶ 24). On July 19, 2023, Plaintiff received a right-to-sue letter from the EEOC. (ECF No. 22-4*)*.

## II. Relevant Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.

2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

### III. Discussion

#### A. Count II: PHRA Claim

Defendant argues that Plaintiff's PHRA claim should be dismissed, because Plaintiff failed to exhaust his administrative remedies. (ECF No. 22, at 4-6). Plaintiff further argues that there is no PHRC docket number contained on Plaintiff's EEOC Charge and Plaintiff does not allege any facts within his Amended Complaint to establish that Plaintiff filed any Charge with the PHRC or received a right to sue letter from the PHRC. (*Id.* at 4-5). Plaintiff's Amended Complaint alleges "Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission and cross-filed with the Pennsylvania Human Relations Commission." (ECF No. 12, at ¶ 2a).

Before filing a claim under the PHRA, a plaintiff must exhaust his administrative remedies under the act. 42 Pa. C.S.A. § 962(c)(1). If the PHRC does not act on the Complaint within a year from its filing, or the PHRC dismisses the complaint within that year, then the plaintiff may file suit. *Price v. Phila. Electric Co.*, 790 F. Supp. 97, 99 (E.D. Pa. 1992). A court does not have jurisdiction over a PHRA claim if a plaintiff fails to exhaust the administrative remedies

provided by the statute. *Rosetsky v. Nat'l Bd. of Med. Examiners of the U.S.*, 350 Fed. Appx. 698, 703 (3d Cir. 2009). The EEOC and PHRC participate in a work sharing agreement.

> [T]he worksharing agreement [which divides responsibility for processing claims that have been dual filed with both the EEOC and the PHRC] allows a plaintiff to proceed in court under Title VII without first filing with the PHRC. That, however, does not mean that a plaintiff can initiate PHRC proceedings as required by the PHRA merely by filing with the EEOC. Whether a plaintiff has initiated PHRC proceedings under the PHRA is a state law issue.... EEOC procedures are not a sufficient surrogate for PHRC remedies.

*Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (citing *Woodson v. Scott Paper Co.*, 109 F.3d 913, 926-27 (3d Cir. 1997).

Here, Plaintiff alleges that he received a right-to-sue letter from the EEOC. (ECF No. 12, at ¶ 2b). The right-to-sue letter that Plaintiff received from the EEOC was dated July 19, 2023. (ECF No. 22-4). Plaintiff does not allege that he received a right-to-sue letter from the PHRC. Further, he does not allege that he received a confirmation that the PHRC received his charge. It is unclear at this point whether the PHRC ever received Plaintiff's Charge and initiated proceedings on his behalf. Thus, the Court is unable to determine whether Plaintiff's administrative remedies have been exhausted under the PHRA. Accordingly, the Court will grant Defendant's Partial Motion to Dismiss Plaintiff's PHRA claims at this time as there are still questions surrounding whether Plaintiff adequately exhausted his administrative remedies under the PHRA.

### IV. Conclusion

For the reasons above, Defendant's Partial Motion to Dismiss, will be granted. Plaintiff has until on or before June 23, 2025 to file an Amended Complaint. If Plaintiff does not file an Amended Complaint by said date, then the PHRA claims will be dismissed, with prejudice. If

Plaintiff files an Amended Complaint, Defendant shall respond on or before July 7, 2025. If Plaintiff does not file an Amended Complaint, then Defendant shall file a response to the remaining claims on or before July 7, 2025.

DATE: June 2, 2025

*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge